

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

FILED
SEP 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 22, 2006

Habib Ilahi, Esquire
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, D.C. 20004

Via Facsimile: (202) 208-7515

        Re:    **U.S. v. Tarun Makkar Cr. No. 06-231(RJL)**

Dear Ms. Jahn:

    This letter sets forth the full and complete plea offer to your client, Tarun Makkar. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia ("this Office," "the government," and "the United States"). This plea offer will expire on June 28, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Mr. Makkar agrees to admit guilt and enter a plea of guilty to a one-count Criminal Information, a copy of which is attached, in violation of Title 18 U.S.C. §2423(b) (Travel with Intent to Engage in Illicit Sexual Conduct). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Makkar and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Makkar agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Makkar's actions and involvement in the offense charged in the Information.

    2. **Potential penalties, assessments, and restitution:** Mr. Makkar understands that the maximum sentence that can be imposed is thirty years imprisonment, a fine of $500,000, a $100 special assessment, a five-year term of supervised release, obligation to pay any applicable interest or penalties on fines. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553 (c) through (f), upon consideration of the advisory United States Sentencing Commissions's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Mr. Makkar understands that the sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government



cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Makkar further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Makkar's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines**: The government estimates that pursuant to the 2005 Sentencing Guidelines § 2G1.3(a), the base offense level for the crime to which your client is pleading guilty is 24. The government will also argue at sentencing that the defendant is eligible for a 2 point increase under § 2G1.3(b)(3)(B) for the Use of a Computer to Entice the Minor to Engage in the Prohibited Sexual Conduct, bringing the total offense level to 26, less a three (3) point adjustment for acceptance of responsibility as provided in paragraph 12. Finally, the government will not oppose defendant's request for a downward departure pursuant to United States v. Smith, 27 F.3d 469, 656 (D.C. 1994) in light of defendant's alien status, thus bringing the total offense level to 21 (37 to 46 months). Notwithstanding these calculations, the government agrees that you may argue against the applicability of this Specific Offense Characteristic at the time of sentencing. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case. In the event that the plea offer is either not accepted by Mr. Makkar or is accepted by Mr. Makkar, but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Mr. Makkar agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18 U.S.C. § 3013.

5. **Waiver of Rights**: Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Makkar expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Makkar voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Mr. Makkar understands and agrees that any statements that he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

6. **Reservation of Allocution:** Subject to the provisions of paragraphs 7 and 12, the United States reserves its full right of allocution for purposes of sentencing and post-sentencing in the matter, including the right to set forth at sentencing all of its evidence with respect to Mr. Makkar's criminal activities and any proceeding(s) before the Bureau of Prisons. In addition, Mr. Makkar acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in the case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Agreement as to Allocution** The parties further agree that a sentence within the applicable Sentencing Guideline range established by the U.S.S.G., if determined in accordance with the parties' stipulations in this agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

8. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

9. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocation in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Sexual Offender Registration:** Your client acknowledges and agrees that pursuant to 18 U.S.C. §§ 3563, 3583, and 42 U.S.C. §14071, he is required to register as a sex offender as a mandatory condition of probation and or supervised release. Specifically, your client must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in any State where he resides, is employed, carries on a vocation, or is a student. Additionally, your client agrees that as a term of this agreement, and as a specific term of probation or supervised release, he will register a current address, fingerprints and current photograph with the Federal Bureau of Investigation for inclusion in its national sexual offender database. He further agrees that he will notify the FBI and the State in which he establishes a new residence, not later than 10 days after he establishes a new residence, of the change, and will register a current address, fingerprints and photograph with the FBI and the State.

11. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. Section 3143, your client be detained without bond pending your client's sentencing in this case.

12. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1,

provided that Mr. Makkar continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from the matter; and (c) complying with the other provisions of the agreement. Also, subject to other paragraphs in the agreement, the United States will not bring any additional criminal charges against Mr. Makkar in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the conduct set forth in the Information. The agreement not to prosecute Mr. Makkar does not extend to any additional federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of the agreement, of any crimes of violence involving Mr. Makkar other than the instant offense.

13. **Breach of Agreement:** Mr. Makkar agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of the plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Makkar's release (for example, should your client commit any conduct after the date of the agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the government is free under the agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Makkar will not have the right to move to withdraw the guilty plea; Mr. Makkar shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Makkar directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to the agreement.

14. **USAO's Criminal Division Bound:** Mr. Makkar understands that the agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. The agreement does not bind the Civil Division of the Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Makkar.

15. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Makkar, Mr. Makkar's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Makkar may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Makkar and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:  DEBRA L. LONG-DOYLE
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Danielle Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the plea agreement. I am satisfied with the legal services provided by my attorney in connection with the plea agreement and matters related to it.

Date: 9/19/06

Tarun Makkar, Jr.
Defendant

I have read each of the pages constituting the plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9/19/06

Habib Ilahi, Esquire
Attorney for the Defendant