## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL CASE NO. 06-231(RJL)** |
| | : | |
| **v.** | : | **VIOLATION: 18 U.S.C. § 2423(b)** |
| | : | **(Travel with Intent to Engage** |
| **TARUN MAKKAR,** | : | **in Illicit Sexual Conduct)** |
| | : | |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

_____The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, respectfully submits this memorandum in aid of sentencing to assist the Court

in the sentencing of the defendant, Tarun Makkar.

### FACTUAL BACKGROUND

On September 19, 2006 before this Court, the defendant entered a plea of guilt to a one count

information charging him with interstate traveling with the intent to engage in sex with a minor in

violation of 18 U.S.C. § 2423(b). The evidence proffered at the plea hearing, and accepted by the

defendant as being true and correct revealed that on Wednesday, June 14, 2006, the defendant, a 31

year old man, while using his laptop computer at a hotel in Gaithersburg, Maryland, initiated a chat

in a private Yahoo computer chat room with a person whom he believed to be a 13 year old girl. The

defendant used the screen name "looking25soulmate". The person with whom he was

communicating on line used the screen name "daddysgrldc." The conversation started at

approximately 7:49 p.m. and ended at approximately 9:03 p.m. The defendant identified himself as

a twenty-nine year old male who resided in Rockville, Maryland and "daddysgrldc" identified

"herself" as a 13 year old girl who lived in the District of Columbia. In actuality, "daddysgrldc" was

a detective with the Metropolitan Police Department's Youth Investigations Branch, who was acting in an undercover capacity as part of a multi-jurisdictional Internet Crimes Against Children (ICAC) Task Force.

During the course of the conversation the defendant asked "daddysgrldc" if she ever had sex before and asked if she had small "tits". Further, the defendant stated that he was disease free and drug free and that "daddysgrldc" did not have to worry about getting pregnant because he had condoms at his house. In addition, the defendant and "daddysgrldc" exchanged photographs of themselves. Detective Palchak sent the defendant a picture of a young girl, purporting to be "daddysgrldc", while the defendant sent an actual photograph of himself. After chatting on line for some time, the defendant made arrangements to meet "daddysgrldc" in front of 1317 Adams Street, Northeast, Washington, DC in order to take her back to his hotel room in Maryland and have sex with her. The defendant told "daddysgrldc" that he would be driving a grey Toyota Corolla and wearing blue jeans and a black t-shirt.

The defendant was observed in front of 1317 Adams Street Northeast, Washington, DC in a Grey Toyota Corolla and dressed in the clothing he had described. He was greeted by Detective Palchak who placed him under arrest. The defendant subsequently waived his Miranda rights and provided the detective with a video taped statement in which he admitted to traveling from Gaithersburg, Maryland to Washington, DC for the purpose of having sex with "daddysgrldc" whom he believed to be a 13 year old girl.

In a search of his hotel room subsequent to his arrest, the laptop computer which he used to initiate the chat was confiscated. The computer contained the photograph of the defendant which

he sent to the detective.  In addition, a box of condoms to which he referred during the chat were also confiscated from his hotel room.

## GUIDELINE RANGE

Undersigned counsel agrees with the calculations prepared   by the presentence report writer – that is that the base Offense level is 24, that there should be a 2 point increase because the defendant used a computer to commit the crime and that there should be a 3 point decrease for acceptance of responsibility bringing the total offense level to 23, with a Guideline range of 46 to 57 months.  Moreover, pursuant to the government's plea offer, the government stands by its assertion of a 2 point decrease pursuant to United States v. Smith, 27 F. 3d 649 (D.C. 1994), bringing the Guideline Range to 37 to 46 months.[1]

## WITHIN GUIDELINE RANGE

The Court should impose a prison term of between 37 and 46 months.  Undersigned counsel agrees that defendant accepted responsibility in this case at the earliest possible time. However, the defendant's acts are predatory and dangerous.  Defendant, in his conversation with the "girl", asked her if she had ever had sex.  When she said no, the defendant, believing daddysgirldc to be a 13 year old girl, offered to teach her how to have sex.   He then tries to lure her to his hotel room, and tries to dissuade her from taking a shower, and to wait to take a shower with him. After learning that daddysgirldc was home alone while her mother worked the night shift cleaning an office building, the defendant agreed to meet her at her house, and then take her back to Gaithersburg, Maryland  to have sex with her. If she had turned out to be a real child, 31 year-old Tarun Makkar, would have

---

[1]  The government incorrectly interpreted the "Smith departure".  Nonetheless, the government will stand by it's plea offer.

had the opportunity to abuse that child in unthinkable ways.  Moreover, defendant who is an Indian

National, is himself a parent of a 5 year-old daughter who lives with his wife back in India.

      For the foregoing reasons, the Government respectfully requests this Court to impose a

sentence within the Guideline range.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number: 498610

By:     _____

DEBRA L. LONG-DOYLE
D.C. Bar No. 362518
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 305-0634
Debra.Long-Doyle@USDOJ.Gov