IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No. 1:06-CR-231 |
| ) | |
| v. ) | Sentencing Date: December 21, 2006 |
| ) | |
| **TARUN MAKKAR,** ) | Honorable Richard J. Leon |
| ) | |
| **Defendant** ) | |

## SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Tarun Makkar, by and through undersigned counsel, respectfully submits this Supplemental Memorandum in Aid of Sentencing to apprise the Court of the facts of a case similar to that of Mr. Makkar's, handled on the state level in Fairfax County, Virginia.

A.   **Recent Case Handled at State Level**

A 43 year-old male named John Kennelly was prosecuted by the Fairfax County Commonwealth's Attorney for similar, albeit much more egregious, conduct at issue in this case. Indeed, the case received national media attention because Mr. Kennelly was captured in a sting operation on the National Broadcasting Company ("NBC") television show "Dateline."

Mr. Kennelly met what he thought was a 14 year-old male in an internet chat room using a screen name. He then traveled to a home in Fairfax, Virginia where he waited for the 14 year-old boy to enter the garage. Meanwhile, unbeknownst to Mr. Kennelly, who had been waiting in the garage without wearing any clothing, he was the subject of a sting operation being conducted by NBC Dateline.

The Fairfax, Virginia Commonwealth's Attorney brought state charges for using a computer to solicit a minor, a Virginia Class Five felony. Mr. Kennelly pleaded guilty to

soliciting a minor for sex and received a two-year suspended sentence. He also received three years probation and is not allowed to enter online chat rooms.

We believe that the sentencing guidelines' treatment of these types of cases yields disparate and unreasonable results when one considers how these prosecutions, such as Mr. Kennelly's, are being handled at the state level. We respectfully submit that it is appropriate for the Court to consider the way cases such as Mr. Kennelly's are sometimes handled in fashioning an appropriate sentence under the factors set forth in 18 U.S.C. § 3553.

### B. Conclusion

Based on the foregoing and the reasons set forth in Mr. Makkar's original Memorandum in Aid of Sentencing, Tarun Makkar respectfully submits that a sentence of 18 months and mandatory deportation is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553.

Respectfully submitted,

**SCHERTLER & ONORATO, LLP**

_____/s/_____
Habib F. Ilahi (DC Bar # 496439)
Danny C. Onorato (DC Bar # 480043)
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, D.C. 20004-2601
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Defendant Tarun Makkar*

Dated: December 18, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Supplemental Memorandum in Aid of Sentencing was served, via facsimile and first-class mail, postage prepaid, this 18th day of December 2006, upon the following:

    Monica Johnson
    United States Probation Officer
    333 Constitution Avenue, N.W.
    Washington, D.C.  20001
    Facsimile: (202) 273-0242

                                                                               _____/s/_____
                                                                               Habib F. Ilahi